UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GREGORY MILLER,

               Plaintiff,

vs.                          Case No.  2:09-cv-524-FtM-36DNF

A.L. JOHNSON, Warden, S. PORTER,
Assistant Warden (Former), COLONEL
ADAMS, (Former), MAJOR RODDENBERRY,
LIEUTENANT HARRIS, A.G. WALKER,
Sergeant   (Former),   SERGEANT
PISCIOTTA, OFFICER SEVERSON, Class.
Supervisor,

               Defendants.
_____/

## OPINION AND ORDER

    This case filed pursuant to 42 U.S.C. § 1983 arises out of an incident occurring at Charlotte Correctional Institution on August 8, 2007 (hereinafter "August 8 incident").  Plaintiff Gregory Miller, a state prisoner, proceeding *pro se*, and *in forma pauperis*, claims that Defendants Harris, Walker, and Pisciotta violated his Eighth Amendment rights when they attacked him without provocation.[1]  *See* Amended Complaint; Exh. A.  Plaintiff states that he filed an inmate grievance on August 10, 2007, addressed to Warden A.L. Johnson, regarding the August 8 incident.  *Id.* at 14; Pl's Exh. A.  In response to his inmate grievance reporting the incident, Plaintiff states that he was "punished" with an untruthful disciplinary report written by Defendant Walker in

---

     [1]According to the Department of Corrections website, Plaintiff is serving a life sentence.

violation of his First Amendment rights.  Amended Complaint at 14.
Plaintiff states he was again "punish[ed] with retaliation" when he
was charged with battery on a law enforcement officer on October
11, 2007.[2]  *Id.*   And, for a third time, Plaintiff states he was
"punish[ed] in retaliation" on October 17, 2007, when the
classification team, consisting of Defendants Porter, Roddenberry,
and Severson, placed Plaintiff on close management based on the
"bogus disciplinary report."  *Id.* at 14.   Plaintiff attributes
liability on Defendants Warden Johnson, Assistant Warden Porter,
Adams, and Roddenberry for "encouraging, condoning, or turning a
blind eye to the widespread abuse, and for fostering an environment
of systematic abuse."  *Id.* at 15.   As relief, Plaintiff requests
declaratory relief, expungement of the false disciplinary report,
and monetary damages, specifically compensatory and punitive
damages.  *Id.* at 17-18.

Pending before the Court is the Amended Motion to Dismiss, or
in the Alternative Motion for Summary Judgment (Doc. #75, Officers'
Motion) with supporting exhibits (Doc. #75-1, Exhs. A-O) filed on
behalf of Defendants Johnson, Adams, Harris, and Walker.  The Court
construed the Officers' Motion as a Motion for Summary Judgment and
advised Plaintiff of the same.  Doc. #87.   Plaintiff filed a

---

[2]Plaintiff states that the State Attorney's Office *nolle prossed* the battery charges.  Amended Complaint at 14.

response[3] in opposition (Doc. # 92, Response to Officers) thereto with a supporting exhibit (Doc. #92-1, Pl's Exh. A).   The Court also reviews Defendant Pisciotta's Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Doc. #79, Pisciotta's Motion), construed as a Motion for Summary Judgment.   Plaintiff filed a response (Doc. #89, Pl's Response to Pisciotta) in opposition to this motion.[4]  For the reasons discussed herein, the Court finds the Defendants are entitled to the entry of summary judgment in their favor.

## I. Factual Background

Plaintiff is proceeding in this case on his Amended Complaint. According to the Amended Complaint, Plaintiff was escorted from F-Dorm to A-Dorm on August 8, 2007, when Defendant Harris directed Defendants Walker and Pisciotta to remove Plaintiff's restraints. Amended Complaint at 11.   Plaintiff claims at this point the three defendants "jumped on [P]laintiff by [sic] spraying [him] with chemical agents, kicking, and hitting [him] numerous times on his body." *Id.*; Response to Officers at 1.

According to the Officers' Motion and supporting exhibits, Defendant Walker was assisting Defendant Pisciotta in escorting

---

[3]The Court granted Plaintiff several extensions of time to file his response and warned Plaintiff of the provisions of Fed. R. Civ. P. 56. Docs. #70, #71, #87, #91 (orders granting extensions of time).

[4]The Court granted Plaintiff an extension of time to file a response to Defendant Pisciotta's motion.  Doc. #87.

Plaintiff from the F-Dorm to the A-Dorm.  Officers' Motion at 5, 29; Exhs. B1, D3-4, E2.  During the escort, Plaintiff was not placed in restraints because Walker and Pisciotta were unaware of Plaintiff's confinement status because his housing sheet (also known as the "face sheet") was removed from his cell door. Officers' Motion at 5, 29; Exhs B1, D5, E3; sealed exhibits. Defendant Harris acknowledges removing the face sheet from Plaintiff's cell door when she decided to move him to the A-dorm. Exh. C1.  When the officers arrived in the F-dormitory sally port, Defendant Harris informed them that Plaintiff should be escorted in restraints because of his confinement status.  Officers' Motion at 5, 29; Exhs B2, C2, D3-4.  Defendant Walker ordered Plaintiff to place his hands behind his back and submit to restraints. Officers' Motion at 5, 29; Exhs B2, C2, E2.

At that time, Defendants state that Plaintiff "bladed" his body between Harris and Walker in an attempt to go after Defendant Harris.  Officers' Motion at 5; Exh. E2.  Plaintiff then struck Walker on the left side of his face with a closed fist.  Officers' Motion at 5, 29; Exhs. B2, C2, D3-4, E2-3, H1.  Plaintiff swung a second time at Defendant Walker, this time grazing the back of his head.  Officers' Motion at 5; Exh. D2.  In order to prevent Plaintiff from further assaulting staff, Defendant Walker placed both hands on Plaintiff's right arm, and forced Plaintiff to the floor with the assistance of Defendant Pisciotta.  *Id.* at 30.

Plaintiff still refused to comply with Harris' orders to cease his behavior, so Defendant Pisciotta applied a one-time, one-second spray of chemical agents.  Officers' Motion at 6, 30; Exhs. C2, C4, C6, E7.  Plaintiff's resistance ceased as a result of the chemical agents and he was placed in handcuffs.  *Id.*

Security Officer Warnock arrived on the scene in response to the activation of a personal body alarm.  Officers' Motion at 6; Exhs. C2, D4.  Officer Warnock relieved Defendants Harris and Walker by placing his left leg on Plaintiff's right leg and placing both hands on Plaintiff's right arm.  Officers' Motion at 6; Exhs. C6, D4.

Plaintiff was escorted to the shower and the medical examination room by Officers Vazquez and Guarino.  Officers' Motion at 30.  The medical examination revealed no injuries to Plaintiff, nor did Plaintiff complain of any injuries at that time.  Officers' Motion at 30, Exh C2, C4.  A post-use-of-force exam was also conducted on Defendant Walker and the examination revealed swelling and redness to the left cheek and a small scratch on the back of Walker's neck.  Officers' Motion at 6; Exhs D3, D5, E15-16.

On August 8, 2007, Defendant Walker wrote Plaintiff a disciplinary report, for unarmed assault on a correctional officer.  Officers' Motion at 8; Exh. H3.  The disciplinary report stated:

> On 8-08-07 at approximately 1450 hrs while assigned as inside security sergeant, Lt. Harris, Sergeant Pisciotta and I were escorting inmate Miller, Gregory 540488 from F-dormitory to A-dormitory.  When we got to the 3-4 side

> sally port of F-dorm I ordered inmate Miller to submit to
> hand restraints.  Inmate Miller then struck me on the
> left side of my face with a closed fist.  Both chemical
> agents and physical force were used to defend myself and
> restrain the inmate.  During the incident I received a
> minor scratch on the back of my neck and swelling to the
> left side of my face.  Lieutenant Harris reported pain of
> her left hand and to her right knee.

*Id.* at 26; Exh. H1.  On August 14, 2007, Plaintiff was notified of

the disciplinary charges.  Exh. H1.  On August 15, 2007, the

disciplinary team conducted a hearing.  Plaintiff refused to attend

the hearing, was found guilty, and was given 60 days disciplinary

confinement and lost 180 days of gain time.[5]  Officers' Motion at

8; Exh H1-2.

Plaintiff filed an inmate grievance dated August 10, 2007,

addressed to Warden A.L. Johnson, regarding the August 8 incident.

Amended Complaint at 14; Doc. #12-2 at 2.   The grievance was

approved, noting that the incident was under investigation by the

Office of the Inspector General.   *Id.*

Based on the allegations in Plaintiff's inmate grievance,

Inspector Janene McLaughlin from the Office of the Inspector

General commenced an investigation regarding the August 8 incident.

Exh. D1.  Inspector McLaughlin completed the investigation on

September 24, 2007, and found insufficient evidence to support

---

[5]Due to an administrative error, the disciplinary report was
re-written on August 31, 2007.  Plaintiff was again found guilty,
and lost 180 days of gain time, but this time was removed from
disciplinary confinement.  Exh. H3-5.

Plaintiff's allegation that Harris, Walker, and Pisciotta used unnecessary or excessive force on Plaintiff.  Exh. D1-5.

A separate report written by inspector Daryl McCaseland from the Office of the Inspector General dated October 17, 2007, found that Plaintiff had committed battery on a law enforcement officer on August 8, 2007.  Exh. E1.  The report was submitted to the State Attorney's Office for review and consideration of criminal prosecution.  Exh. E4.  On November 14, 2007, an information was filed in Charlotte County at case number 2007-CF-2070, regarding Plaintiff's battery of Defendant Walker.  On November 21, 2008, the State Attorney's Office filed a notice of *nolle prosequi* in the case.  Officers' Motion at 8; Exh G; Amended Complaint at 14.

## II. Procedural History

Plaintiff brings this action against the following Defendants in their official and individual capacities: Adro Johnson, Warden; S. Porter, Assistant Warden; Douglas Adams, former Colonel; Mr. Roddenberry, Major; Ms. Chyanne Harris, Lieutenant; Aaron Walker, Sergeant; Mr. Pisciotta, Sergeant; and Mr. Severson, Supervising

Classification Officer.[6]   Amended Complaint[7] at 1, 8-10, 15; *see also* Officers' Motion.

Defendants, in their respective motions, assert the following defenses: (1) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997) because a finding in Plaintiff's favor would necessarily imply the invalidity of his disciplinary conviction; (2) that Plaintiff has failed to exhaust his administrative remedies as to his Eighth Amendment failure to protect claims, or his First Amendment retaliation claims (per the Officers' Motion), and he failed to show that he followed the three-step grievance procedure (per Pisciotta Motion); (3) that Plaintiff has failed to establish a violation of his Eighth Amendment rights, his First Amendment rights, or his Fourteenth Amendment rights; (4) that Plaintiff is attempting to establish liability on Defendants Johnson and Adams based on the theory of *respondeat superior*; (5) Defendants are entitled to Eleventh Amendment immunity; (6) Defendants are entitled to qualified immunity; and (7) Plaintiff's claims for emotional damages or punitive damages are barred because he has

---

[6]The Court did not direct service of process on Defendants Porter, Rodenberry, and Severson, and will dismiss these defendants *sua sponte* for the reasons herein.

[7]For purposes of the pinpoint citations to the Amended Complaint herein, the Court refers to the page number that appears scanned at the top of the page pursuant to the Court's CM/ECF system.

alleged no physical injuries.   *See generally* Officers' Motion; Pisciotta Motion.

## III.   Applicable Law

### A. Prison Litigation Reform Act

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(a), (b)(1), (b)(2).   In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings.   In reviewing a complaint, however, the courts must apply the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915(b)(1).   The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). *Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001).   Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. *Pielage v. McConnell*, 516

F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. ____, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Ashcroft*, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, the Court may dismiss a case when the allegations in the Complaint on their face demonstrate that an

affirmative defense bars recovery of the claim. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

**B.   Summary Judgment Standard**

"Summary judgment is appropriate only if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Moton v. Coward,* 631 F.3d 1337, 1341 (11th Cir. 2011)(internal quotations and citations omitted). *See also*, Fed. R. Civ. P. 56(c)(2).  "The moving party may meet its burden to show that there are no genuine issues of material fact by demonstrating that there is a lack of evidence to support the essential elements that the non-moving party must prove at trial." *Moton*, 631 F.3d at 1341 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The standard for creating a genuine dispute of fact requires the court to "make all *reasonable* inferences in favor of the party opposing summary judgment," *Chapman v. Al Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)(en banc) (emphasis added), not to make all *possible* inferences in the non-moving party's favor.

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, *i.e.*, affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial." *Beard v. Banks*, 548 U.S. 521, 529

(2006)(citations omitted); *Celotex*, 477 U.S. at 322; *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999).  If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party.  *Beard*, 548 U.S. at 529 (citations omitted); *Shotz v. City of Plantation, Fl.*, 344 F.3d 1161, 1164 (11th Cir. 2003).  "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.'" *Cuesta v. School Bd. of Miami-Dade County*, 285 F.3d 962, 970 (11th Cir. 2002) (citations omitted).  Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact.  *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000).   "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).  In the summary judgment context, however, the Court must construe *pro se* pleadings more liberally than those of a party represented by an attorney.  *Loren v. Sasser*, 309 F.3d 1296, 1301 (11th Cir. 2002).

### *Plaintiff's Claims are Barred by Heck*

Defendants submit that based on Plaintiff's allegations, his claims are barred by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994)*.*

Officers' Motion at 26; Pisciotta Motion at 9-10. In *Heck*, the United States Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983.** Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87 (emphasis added)(internal citation and footnote omitted). The United States Supreme Court has applied the *Heck* analysis to actions brought by prisoners who are challenging disciplinary proceedings in jails. *See Edwards v. Balisok*, 520 U.S. 641, 643-649 (1997); *Roberts v. Wilson*, 2007 WL 4336446 (11th Cir. 2007).

In *Balisok*, the plaintiff initiated a § 1983 action alleging defendants violated his due process rights during a disciplinary hearing, which resulted in the plaintiff's loss of good-time credits. *Id.* at 643. The *Balisok* Court concluded that a § 1983 action was not cognizable, even though the plaintiff was challenging the procedure and not the result, because a finding in favor of the plaintiff would "necessarily imply the invalidity of

the punishment imposed." *Id.* at 648.   The Court held that a prisoner could not pursue such an action unless the prisoner had successfully invalidated the disciplinary report.   *Id.* at 646-68; *see also Wilkinson v. Dotson*, 544 U.S. 74 (2005)(finding a state prisoner's § 1983 action is barred --absent prior invalidation-- no matter the relief sought--damages or equitable relief-- no matter the target of the prisoner's suit--state action leading to conviction or internal prison proceedings-- if success in that action would necessarily invalidate prisoner's confinement).

However, the Court has rejected the view that *Heck* applies to all suits challenging prisoner disciplinary proceedings.   *See Muhammad v. Close*, 540 U.S. 749, 754-55 (2004); *See also Beecher v. Jones*, Case No. 3:08-cv-416, 2010 WL 5058555 (N.D. Fla. Oct. 29, 2010)(finding the plaintiff did not "steer his case" into *Heck* territory because according to the complaint "[p]laintiff could have committed all of the acts set forth in the DR and hearing team decision, yet the manner in which the chemical agent was applied, the duration of its application, etc., could still constitute the use of excessive force.").   In *Muhammad*, the Court declined to extend *Heck* to a prisoner's § 1983 action claiming a constitutional violation based on his pre-hearing confinement.   The Court held that this plaintiff's action did not challenge the conviction, the disciplinary action, nor did he seek expungement of the misconduct

finding, so it was not "construed as seeking a judgment at odds with his conviction." *Id.* at 754-55.

In the instant case, the Court finds that Plaintiff has steered his case into *Heck* territory. With respect to Plaintiff's retaliation claim, Plaintiff identifies Defendants Porter, Rodenberry, and Severson as the "classification team."[8] Amended Complaint at 14; *see also Id.* at 10 (identifying Defendant Severson as the "supervisor classification officer."). Plaintiff alleges he was "punish[ed] in retaliation" on October 17, 2007, when the classification team, consisting of Defendants Porter, Roddenberry, and Severson, placed Plaintiff on close management because of the "bogus disciplinary report" written by Defendant Walker. *Id.* at 14. Plaintiff alleges that the classification team defendants knew Walker's disciplinary report for unarmed assault was "bogus" and was issued in retaliation for Plaintiff filing an inmate grievance about Walker's excessive use of force. *Id.* at 14.

Plaintiff's retaliation claim against members of the classification team stemming from their decision to change Plaintiff's classification status based on the "bogus" disciplinary report is clearly *Heck* barred. Similarly, Plaintiff's retaliation

---

[8]Upon initial review of the Amended Complaint, the Court determined that the Complaint did not state a claim as to Defendants Porter, Rodenberry, and Severson, and therefore did not direct the United States Marshal to effectuate service of process on them. See Doc. #22 (directing service of process). The Court will now *sua sponte* dismiss these defendants pursuant to § 1915A because these claims are barred by *Heck*.

claim against Defendant Walker for writing the disciplinary report in retaliation for Plaintiff's inmate grievance are *Heck* barred.

On August 8, 2007, Defendant Walker wrote Plaintiff a disciplinary report, for unarmed assault. Exh. H3. According to the disciplinary report, Plaintiff struck Defendant Walker twice. *Id.* On August 10, 2007, Plaintiff submitted an inmate grievance to prison officials claiming Walker, and other officers, punched and kicked him for no reason. On September 5, 2007, Plaintiff was given a disciplinary hearing on the unarmed assault infraction, found guilty, and penalized with 180 days lost gain time. Apparently, the classification team also changed Plaintiff's classification to "close management" based on the disciplinary finding. A finding of liability on the classification team, who relied upon the disciplinary finding, would necessarily imply the invalidity of the subject of the disciplinary report. Plaintiff has not shown that the disciplinary report was expunged, invalidated, or revoked, and has, in fact, requested expungement of the "bogus disciplinary report" as relief in this action. *Id.* at 17. Therefore, this claim is barred by *Heck*.

Likewise, Plaintiff's claim that Defendant Walker wrote him a disciplinary report on August 8, 2007, in retaliation for Plaintiff's inmate grievance received by prison officials on August 10, 2007, is *Heck* barred because a finding that the report was issued in retaliation would undo the disciplinary report and the

disciplinary hearing teams' guilty finding.  Further, assuming *arguendo* that the retaliation claim against Defendant Walker is not *Heck* barred, it is impossible for Plaintiff's retaliation claim to prevail against Walker because the disciplinary report was written two days **before** Plaintiff submitted his inmate grievance to prison officials.  *See* Doc. #12-2 at 2 (signed by Plaintiff on August 10, 2007, and stamped as received by prison officials on August 10, 2007).

The *Heck* analysis involving Plaintiff's excessive use of force claim against Defendants Walker, Pisciotta, and Harris is more complicated. *See Anderson v. Tyus*, Case No. 4:06-cv-004-SPM/WCS, 2007 WL 2884367 *6 (N.D. Fla. Sept. 27, 2007)(noting difficulties arising in *Heck* analysis in assault cases and use of force cases). The Court finds the *Dyer* and *Richards* cases informative as to this issue.  *Dyer v. Lee*, 488 F.3d 876, 881-82 (11th Cir. 2007); *Richards v. Dickens*, 2011 WL 285212 (11th Cir. 2011)(unpublished).

In *Dyer*, the plaintiff filed a suit claiming excessive use of force during her arrest.  *Id.* at 878.  The district court granted the defendants' motion for summary judgment based on *Heck*, but the Eleventh Circuit reversed.  The Court concluded that *Heck* did not preclude the plaintiff's claims of excessive use of force during her arrest because the claim would "not necessarily make Dyer's arrest unlawful, particularly for DUI and battery charges." *Id.* at 879.  Defendants had argued that the plaintiff's guilty plea to

-17-

resisting arrest with violence, prevented her from later "say[ing] that her resistance was justified, which it would have been if the defendants used excessive force." *Id.*   The Court rejected the defendants' argument and noted that *Heck's* "logical necessity" was absent because there still existed "a construction of the facts that would allow the underlying conviction to stand." *Id.* at 879-80.  "In other words, as long as it is possible that a § 1983 suit would not negate the underlying conviction, then the suit is not *Heck*-barred." *Id.* at 879-80 (citations omitted).

In *Richards*, the plaintiff claimed an excessive use of force and conspiracy claim stemming from a physical encounter with correctional officers in jail. *Richards v. Dickens*, 2011 WL 285212 *1 (11th Cir. 2011)(unpublished).   The plaintiff received two disciplinary reports charging him with unarmed assault and upon conclusion of the disciplinary hearing was found guilty of the disciplinary infractions.  Plaintiff filed a § 1983 action alleging that he did not instigate the altercation, but instead acted in self-defense.  The district court found the claims *Heck*-barred and the Eleventh Circuit affirmed finding that plaintiff's claims, if true, would imply the invalidity of the prison's disciplinary actions.  See *Richards*, 2011 WL 285212 *2-*3.

The facts in this case are virtually identical to those facts in *Richards*.  *See also Richards v. Dickens*, Case No. 3:06-cv-995-HES-JRk (M.D. Fla. Oct. 29, 2009).  Here, Plaintiff claims that

during his escort on August 8, Defendants Walker, Pisciotta, and Harris "jumped on [him] by spraying [him] with chemical agents, kicking, and hitting [him] numerous times on his body" for no reason.  Amended Complaint at 11; Plaintiff's Declaration (Doc. #92-2) at 1-2.  As discussed above, however, Plaintiff received a disciplinary report for unarmed assault on Defendant Walker in connection with the August 8 incident.  *Infra* at 5-6; Exh. H3-5. The disciplinary hearing team found Plaintiff guilty of the unarmed assault on Walker, and penalized Plaintiff with a loss of 180 days of gain time.  *Id.*  This disciplinary conviction still stands.

Plaintiff cites the Eleventh Circuit's unpublished opinion in *Wells v. Cramer*, 158 F. App'x 203 (11th Cir. 2006) for the proposition that a plaintiff can prevail on an excessive-use-of-force claim without implicating *Heck*.  In *Wells*, the plaintiff claimed that officers assaulted him after his arrest.  The court held that, "[t]o the extent that [plaintiff's] complaint alleged an excessive use of force *after he was arrested*, restrained, and posed no threat to the defendant officers, his § 1983 action, if successful, would not necessarily imply the invalidity of his underlying convictions and is not *Heck*-barred."  *Id.* (emphasis added).  Unlike the plaintiff in *Wells*, Plaintiff's claim arises in jail, not during arrest.  Significantly, the logical necessity requirement set forth in *Dyer* was not present in *Wells*, but is

present in Plaintiff's case.  Thus, *Wells* provides no assistance for Plaintiff's case.

The Court's determination whether a claim is barred by *Heck* turns on the Plaintiff's allegations.  Plaintiff's claims in this action are based on the assertion that the disciplinary charges he received for unarmed assault are "bogus."  Plaintiff maintains that he did nothing wrong to justify Defendants' use of force on him. Plaintiff reiterates in his Response to the Officers' Motion that the disciplinary report was "untruthful."  Response to Officers' Motion at 10.  Thus, Plaintiff's basis for this action is wholly inconsistent with the facts upon which the disciplinary conviction is based.  A judgment in favor of Plaintiff, finding that Defendants attacked Plaintiff without provocation in violation of the Eighth Amendment, would necessarily imply the invalidity of the disciplinary charge of unarmed assault.  *See Richards*, 2011 WL 285212 *2. Plaintiff is not alleging that the officers' use of force in response to him punching Defendant Walker twice was excessive; instead, Plaintiff is alleging the correctional officers engaged in an unprovoked attack, for no reason.  Plaintiff further seeks expungement of the disciplinary report charging Plaintiff with unarmed assault, and restoration of his gain time, as relief in this action.  Based on the foregoing, the Court finds this claim *Heck*-barred.

Plaintiff's claims against Defendants Johnson and Adams for failure to take "remedial actions" to protect Plaintiff, or for

"encouraging, condoning, or turning a blind eye to the systematic abuse," also fail.  Plaintiff does not provide any facts regarding the nature of the alleged systematic abuse, nor does Plaintiff explain what actions Defendants Johnson and Adams took to encourage, or condone the abuse.[9]  Plaintiff's vague and conclusory allegations against Defendants Johnson and Adams will not support an action raised pursuant to 42 U.S.C. § 1983.  Further, to the extent Plaintiff attributes liability on Defendants Johnson and Adams because of their supervisory positions as Warden and Colonel, respectively, "[s]upervisory officials are not liable under § 1983 on the basis of *respondeat superior*."  *Danley v. Allen*, 540 F.3d 1298, (11th Cir. 2008), *overruled on other grounds*, *Randal v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010).

ACCORDINGLY, it is hereby

**ORDERED**:

1.  The Amended Motion to Dismiss or Motion for Summary Judgment (Doc. #75, Officers' Motion) filed on behalf of Defendants Johnson, Adams, Harris, and Walker is **GRANTED**.[10]

---

[9]In Response to the Officers' Motion, Plaintiff, for the first time, references an inmate grievance dated August 26, 2007, addressed to Defendant Johnson, describing "on going [sic] retaliation" from Defendant Walker.  Response to Officers' Motion at 8.  Plaintiff alleges this informal grievance was never referred to Colonel Adams for investigation.  *Id.*  Matters raised for the first time in a response are not properly before this Court.

[10]The Court notes that the dismissal as *Heck*-barred is without prejudice.  In the event, the disciplinary conviction is reversed,
(continued...)

2.    Defendant Pisciotta's Motion to Dismiss, or Motion for Summary Judgment (Doc. #79**)** is **GRANTED.**

3.    The Court *sua sponte* dismisses Defendants Porter, Rodenberry, and Severson pursuant to § 1915A(b)(1).

4.    The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this 2nd day of June, 2011.

Charlene Edwards Honeywell
Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record

---

[10](...continued)
expunged, or invalidated, Plaintiff may file a civil rights action, absent a statute of limitations bar.